# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| _____ : | |
| KATHY LOY | : |
| | : |
| Plaintiff | : |
| v. | : CIVIL ACTION NO. _____ |
| | : |
| MAHANOY AREA | : |
| SCHOOL DISTRICT | : *ELECTRONICALLY FILED* |
| 1 Golden Bear Drive | : |
| Mahanoy City, PA  17948 | : |
| | : |
| and | : |
| | : |
| DR. JOIE GREEN, | : JURY TRIAL DEMANDED |
| Individually, | : |
| | : |
| Defendants. | : |
| _____ : | |

## COMPLAINT FOR
## DECLARATORY, EQUITABLE, AND MONETARY RELIEF

Plaintiff, Kathy Loy (hereinafter "Ms. Loy"), claims damages upon a cause of action against the above-captioned Defendants, Mahanoy Area School District and Dr. Joie Green, Individually, for sex discrimination under Title VII of the Civil Rights Act, 42 U.S.C. 2000e *et seq.*, and the Pennsylvania Human Relations Act, whereof the following is a statement:

## JURISDICTION

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as a case arising under the laws of the United States. Jurisdiction is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") which provides for original jurisdiction of Ms. Loy's claims arising under the laws of the United States and over actions to recover damages and to secure equitable relief.

2.    On or about February 16, 2017, Ms. Loy filed a *pro se* complaint with the United States Equal Employment Opportunity Commission, Charge Number 530-2017-01751C, which was dually filed with the Pennsylvania Human Relations Commission, and filed an Amended Complaint on or about May 11, 2017 with both Agencies.

3.    On or about May 17, 2017, Ms. Loy received her Notice of Right to Sue letter from the United States Equal Employment Opportunity Commission and filed the instant action in this Court within 90 days of her receipt.

4.    Therefore, Ms. Loy has exhausted all administrative remedies and has taken all other steps necessary to bring this action before this Court.

## VENUE

5.    Paragraphs 1 through 4 are incorporated herein by reference as though set forth in full.

6.      The actions complained of herein occurred within the jurisdiction of this
        Court and involve a Defendant who resides within its jurisdictional limits.

7.      Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. §
        1391(b) and 1391(c) because one or more can be found in the Middle
        District of Pennsylvania and events or omissions giving rise to Plaintiff's
        claims have occurred in the Middle District of Pennsylvania.

## PARTIES

8.      Paragraphs 1 through 7 are incorporated herein by reference as though set
        forth in full.

9.      Plaintiff, Kathy Loy ("Ms. Loy"), is an adult female residing in Schuylkill
        County Pennsylvania.  She is employed with the Mahanoy Area School
        District as a High School Teacher.  Ms. Loy is a member of a protected
        class (sex- female) and engaged in protected EEO activity during her
        employment with Defendants.

10.     Defendant Mahanoy Area School District ("Mahanoy Area") is a public
        school with a principal place of business at 1 Golden Bear Drive, Mahanoy
        City, Pennsylvania 17948. At all times relevant hereto, Defendant Mahanoy
        Area School District is engaged in commerce throughout the United States,
        employs in excess of 15 employees, is an employer pursuant to Title VII of
        the Civil Rights Act and the Pennsylvania Human Relations Act, is liable

for Plaintiff's damages, and is responsible for the acts of its supervisory employees, including the Superintendent, Dr. Joie Green.

**11.** Defendant Dr. Joie Green ("Dr. Green") is employed as a Superintendent with the Mahanoy Area School District.  As a Superintendent, Defendant Green controls the terms, conditions, and privileges of Ms. Loy's employment.  In the position as Superintendent, either individually, or in conjunction with others, Defendant Green has the authority to hire, fire, demote, transfer, or discipline Ms. Loy, to evaluate and investigate, or to make other decisions that would affect the terms and conditions of Ms. Loy's employment.  She is being named in her individual capacity for aiding and abetting in discrimination and retaliation under the Pennsylvania Human Relations Act.

## FACTS

12. Paragraphs 1-11 are incorporated herein by reference as though set forth in full.

13. This Complaint is brought under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq*. to correct unlawful employment practices on the basis of sex (female) to provide appropriate relief to the Plaintiff, Kathy Loy.

14. As alleged with greater particularity in paragraphs below, the Plaintiff

alleges that Defendants subjected Ms. Loy to a sexually hostile work environment perpetuated by Dr. Joie Green, Superintendent.

15.   Defendants caused severe harm to Plaintiff and created intolerable working conditions and failed to take prompt and effective action to prevent or alleviate it.

16.   Defendants have engaged in unlawful employment practices at its Schuylkill County workplace in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

17.   Plaintiff, Kathy Loy, is a gay female, has been in a committed relationship for 12 years, and was married to her wife in 2015.

18.   Ms. Loy began her employment with the Defendant Mahanoy Area School District in 2004.

19.   She employed as a High School Business Teacher.

20.   As a High School Teacher, Ms. Loy is considered a "professional" employee.

21.   At all relevant times, Defendant Dr. Joie Green was the Superintendent of the Mahanoy Area School District.

22.   Defendant Green exercised control of Ms. Loy's employment with the District.

23.     Defendant Green has the authority to supervise employees, to direct the work of employees, to hire employees, to discipline employees, to discipline students, and to investigate complaints.

24.     Defendant Mahanoy Area School District is vicariously liable for the acts of Green.

25.     Defendant Green is also individually liable under the Pennsylvania Human Relations Act for "aiding and abetting" and engaging in discriminatory practices.

26.     Defendants have engaged in sex discrimination against Loy by subjecting her to a continuing course of unwelcome and offensive harassment because of her sex (female).

27.     The harassment was severe or pervasive, as more fully outlined herein.

28.     Defendant Green and the District were aware that Ms. Loy was married to a woman.

29.     For instance, after Ms. Loy got married, she attempted to update her benefits, and asked whether she could include her wife.

30.     Ms. Loy was informed that gay marriage "was not legal in Pennsylvania" (even though it was legal); subsequently, the payroll staff member gave an apology to Ms. Loy.

31.     Also, Superintendent Green, when it brought to her attention that Ms. Loy's

marriage was excluded from the beginning of the year power point presentation delivered to all staff, apologized for the exclusion and then sent an email to staff announcing Ms. Loy's marriage.

32. Thus, Superintendent Green and the District were aware of Ms. Loy's sexual orientation.

33. Such harassment was of sufficient severity and/or pervasiveness to create a hostile work environment because of her sex (female).

34. Defendant Joie Green made unwelcome and offensive statements about Loy, including but not limited to:

  a. Following a district wide staff meeting, on or about February 6, 2017, Superintendent Green referred to the sexual orientation of Ms. Loy in a derogatory and offensive manner.

  b. Superintendent Green's statements were made in the workplace to at least three staff members.

  c. Superintendent Green complained about Ms. Loy, saying "I don't know how Tom [the High School Principal] works with her over there" and referred to Ms. Loy as a "frickin' lesbo."

  d. Superintendent Green stated that Ms. Loy "should just go and lick another one."

35.   Defendant Joie Green made these statements in the Mahanoy Area School
      District workplace--the Middle School Office--and to other employees
      under her supervision, including her secretary.

36.   Superintendent Green's secretary responded by saying, "get ready, she
      really lets them fly."

37.   Superintendent Green made highly offensive statements about Loy and her
      relationship.

38.   On February 8, 2017, Superintendent Green was in the Middle School
      office trying to load a YouTube video that three, current Mahanoy Area
      High School students made (the video is dated February 7, 2017).

39.   The video would not load, so Superintendent Green and two other
      subordinate employees went into a classroom to log onto the video using
      Mahanoy Area School District computer equipment.

40.   Superintendent Green did not inform the other two employees what was on
      the YouTube video, except that it was made by Mahanoy Area high school
      students.

41.   When the video began to play, Superintendent Green knowingly subjected
      subordinate employees to a sexually offensive and threatening video made
      by three of Ms. Loy's male students.

42.   The three male students were in Ms. Loy's high school class.

43.    One student was wearing Mahanoy Area school clothing in the video.

44.    The transcript from the YouTube video shows the make the following

threats, which are directed at Ms. Loy:

| | |
|---|---|
| 0:00 | are not going to school the city again |
| 0:03 | but uh you know there's a bull dyke at |
| 0:08 | our school you know think it's good to |
| 0:10 | give us all bad grades dyke nigger faggot |
| 0:17 | validate this bull dyke I'll come in a |
| 0:21 | hundred can make up a cruise looks like |
| | |
| | [This should say Hunter can't make up a quiz] |
| | |
| 0:24 | he had failed for the marking period |
| 0:25 | well I thank you ball back [bull dyke] like I didn't |
| 0:28 | know I was going to fail this class from |
| 0:29 | the beginning my self-esteem rose from |
| 0:32 | that book [point] realizing that yes bull dykes |
| 0:35 | do this [exist] and they're fucking backs [dykes] no I |
| 0:38 | thought thought these bull dykes where |
| 0:41 | you know fucking extinct you know it's |
| 0:44 | the golden ages you know but no this big |
| 0:46 | trans audacity to call me out for a |
| 0:48 | mission or [missing her] class my mother to get home |
| 0:50 | until nine o'clock if I was late |
| 0:51 | sleeping playing the call Judy [Call of Duty] trying to |
| 0:53 | get my skill up you know what's up dawg |
| 0:55 | I'm a fucking god so yeah oh stop |
| 0:58 | missing my class the fuck up your bitch |
| | [shut the fuck up you bitch] |
| 1:00 | greek lamb bitch dumbass Dyke at licking |
| 1:04 | clit ask about the fucking dumb bitch |
| 1:06 | smelly ass I know I know that perfume |
| 1:08 | smell I know a lot of icing seems that |
| 1:10 | perfume is you bitch I know what it is |
| 1:12 | yeah that's the dirty pussy smell you |
| 1:14 | little cunt |

45.   Shocked, embarrassed, and disgusted by the video, one employee asked whether Superintendent Green had informed Ms. Loy about it.

46.   Superintendent Green stated that she did not inform Ms. Loy.

47.   When asked whether anything could be done to the students, Superintendent Green declined to discipline them, saying nothing could be done because of a "social media" incident that occurred at the Blue Mountain School District.

48.   Despite knowing that the other subordinate employees were offended by the video and that the video was about a specific teacher under her supervision, Superintendent Green continued showing them other videos made and posted by the Mahanoy Area School District students.

49.   Upon information and belief, the students' video was distributed among staff and students at Mahanoy Area School District.

50.   On February 7, 2017, the video was published online publicly on YouTube.

51.   That day, it had over 50 views.

52.   It has been shared 21 times.

53.   On February 12, 2017, Ms. Loy learned of the YouTube videos, but not by the supervisory employees at the District.

54.   Once she reviewed the video, she knew the students were making harassing and threatening comments about her and was concerned for her physical

safety.

55.   Ms. Loy filed a grievance with her Union on or about February 16, 2017.

56.   On February 16, 2017, Ms. Loy filed a *pro se* complaint with the EEOC for discrimination and harassment.

57.   A Charge Number was assigned to Ms. Loy's EEOC Complaint:   530-2017-01751C.

58.   Loy reported Superintendent Green's sex discriminatory behavior to the Mahanoy Area School District.

59.   Both the Superintendent and the District received Ms. Loy's EEOC Complaint and the Union Grievance.

60.   The District's policies indicate it has 15 days to respond to a complaint.

61.   The District hired its solicitor's law firm to conduct an investigation.

62.   However, the Mahanoy Area School District failed to timely respond and otherwise failed to take any effective action to stop the harassment or correct it.

63.   On April 5, 2017—nearly two months after reviewing the YouTube videos with subordinate employees on District property--Superintendent Green contacted Ms. Loy to schedule a meeting, stating:

> Tom explained to me your concerns that the district has not informed you about what was going on with the YouTube videos. I need to first apologize as I was handling this investigation from the beginning and did not want to assume that you knew about

> them. But now that I know you do, we set up a meeting to discuss where we are with them on Friday at 9:40 am in Tom's office. I will explain everything to you at that time.

64.     The next day Superintendent Green cancelled the meeting, stating:

> I have decided that until I receive the approval to openly discuss the investigation of the Youtube vidoes, I am going to cancel the meeting tomorrow with Kathy and Tom that was to be held at 9:40am.  Since this case is still under investigation, and although I would very much like to inform Kathy of what is going on, I will wait until I am informed I am able to do so.  As soon as that is, I will be sure to notify you all and will have no problem setting up a meeting at that time.  I have worked countless hours/days on this investigation and do not want to jeopardize the case in any way.

65.     The above-described harassment and discrimination caused Ms. Loy to become physically ill, having to miss time from work to care for her serious health conditions.

66.     Not having any protection or recourse, Ms. Loy asked to be removed from situations where she would have to have contact with the students, such as in school suspension or when covering for another teacher's class.

67.     Ms. Loy has to see the students in the hallway everyday and is in fear for her safety.

68.     Ms. Loy also reported the video to the Schuylkill County District Attorney and provided her with a copy to determine whether any charges would be brought.

69.     Ms. Loy was directed to provide the YouTube video links to Mark

Wiekrykas, the School Resource Officer and retired Mahanoy City Police Chief.

70. Mr. Wiekrykas received the video on or before April 27, 2017.

71. One student admitted to the District SRO with his parents that the YouTube video was about Ms. Loy.

72. On April 27, 2017, the Defendants' "investigator" made a report to the School Board on his investigation.

73. The "report" consisted of a letter dated April 28, 2017 from the District's solicitor concluding that "…the evidence uncovered does not support a finding that the alleged conduct rises to the level of unlawful harassment or creates a hostile work environment.  It is recommended that Dr. Green take training to assist her in identifying inappropriate comments in the workplace…"

74. Directing the Superintendent of a public school to undergo training in "identifying inappropriate comments in the workplace" is absurd, and certainly not an effective remedial action, especially given that the Superintendent is in charge of enforcing standards of behavior for students.

75. Superintendent Green, who holds a doctorate, should already know what constitutes appropriate workplace language.

76. Indeed, no student would be permitted to use the offensive and

discriminatory language that Superintendent Green used to demean and harass Ms. Loy, including calling a professional employee a "frickin lesbo."

77.   Under the direction of such a person, it is no wonder these male students believe it is appropriate to threaten Ms. Loy, their teacher who gave them bad grades, repeatedly calling her "bull dyke," refer to her as "this bitch," threaten her to "Shut the fuck up, you little bitch", "you eat fucking clam," "you little cunt."

78.   Despite the District's alleged investigation, the video is still posted and can be found on YouTube.

79.   There have been over 350 views of the video to date, and the views have steadily increased since it was posted in February 2017.

80.   Thus, the Defendants' actions are on-going, are severe, or are pervasive.

81.   Defendants knowingly created and permitted working conditions so intolerable to interfere with the terms, conditions, and privileges of Ms. Loy's employment.

82.   Superintendent Green's aforementioned conduct directed at Ms. Loy was motivated by Loy's sex (female), in that sexual orientation discrimination necessarily entails treating an employee less favorably because of her sex; in that Loy, by virtue of her sexual orientation, did not conform to sex stereotypes and norms about females to which Superintendent Green

subscribed; and in that Superintendent Green objected generally to females having romantic and sexual association with other females, and objected specifically to Loy's close, loving association with her female partner.

83. The effect of the practices complained of herein has been to deprive Loy of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

84. The unlawful employment practices complained of herein were intentional.

85. The unlawful employment practices complained of herein were done with malice or with reckless indifference to Loy's federally protected rights.

## COUNT I

### Sex Harassment/Discrimination in Violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*

### *Against Defendant Mahanoy Area School District*

86. Paragraphs 1-85 are incorporated herein by reference as though set forth in full.

87. As more fully outlined herein, Kathy Loy was subjected to harassment because of her sex that was continuing, and was sexual in nature.

88. Sexual orientation and homosexuality are concepts which cannot be understood without reference to sex/gender and a "lesbian" is a woman who is physically and/or emotionally attracted to other women.

89.    Plaintiff is a member of the protected class of sex/gender as she was perceived by Defendants to be a lesbian.

90.    The harassment was severe.

91.    The harassment was pervasive.

92.    The harassment was severe or pervasive and altered the conditions of Plaintiff's employment.

93.    The statements, threats, and conduct toward Plaintiff as described herein were done in person, in front of co-workers, colleagues, were circulated to students and done by students and the Superintendent and had a profound, harmful, hurtful, and severe effect on the Plaintiff.

94.    The Defendant Mahanoy Area School District allowed Ms. Loy to be subjected to insults and hostility and changes to the terms and conditions of her employment based on the aggressors' views, including the Superintendent of what it means to be a man or a woman.

95.    Thus, Plaintiff was subjected to sex stereotyping and gender stereotyping in the Defendant's workplace.

96.    The Defendant Mahanoy Area School District was aware of the harassment and hostile environment created by the Superintendent and failed to take prompt and effective remedial action to remedy the harassment.

97.    The Defendants, despite knowing of the threatening and sexually hostile

YouTube video about Ms. Loy, failed to discipline those involved, including the Superintendent who viewed the video and circulated it among staff and subordinates.

98. The hostile work environment and harassment because of Plaintiff's sex/gender affected Ms. Loy and caused her damages.

99. Plaintiff has suffered damages, including compensatory and economic damages, lost pay, medical expenses, attorneys' fees and costs, and is entitled to relief.

## COUNT II

**Sex Harassment/Discrimination in Violation of
Pennsylvania Human Relations Act,  43 Pa.C.S.A. 951 *et seq.***

*Against Defendant Mahanoy Area School District and Dr. Joie Green,
Individually*

100. Paragraphs 1-99 are incorporated herein by reference as though set forth in full.

101. As more fully outlined herein, Kathy Loy was subjected to harassment because of her sex that was continuing, and was sexual in nature.

102. Sexual orientation and homosexuality are concepts which cannot be understood without reference to sex/gender and a "lesbian" is a woman who is physically and/or emotionally attracted to other women.

103. Plaintiff is a member of the protected class of sex and gender as she was

perceived by Defendants to be a lesbian.

104. The harassment was severe.

105. The harassment was pervasive.

106. The harassment was severe or pervasive and altered the conditions of Plaintiff's employment.

107. The statements, threats, and conduct toward Plaintiff as described herein were done in person, in front of co-workers, colleagues, were circulated to students and done by students and the Superintendent and had a profound, harmful, hurtful, and severe effect on the Plaintiff.

108. The Defendant Mahanoy Area School District allowed Ms. Loy to be subjected to insults and hostility and changes to the terms and conditions of her employment based on the aggressors' views, including the Superintendent of what it means to be a man or a woman.

109. Thus, Plaintiff was subjected to sex stereotyping and gender stereotyping in the Defendant's workplace.

110. The Defendant Mahanoy Area School District was aware of the harassment and hostile environment created by the Superintendent and failed to take prompt and effective remedial action to remedy the harassment.

111. The Defendants, despite knowing of the threatening and sexually hostile YouTube video about Ms. Loy, failed to discipline those involved,

including the Superintendent who viewed the video and circulated it among staff and subordinates.

112.    The hostile work environment and harassment affected the Plaintiff and caused her damages.

113.    Plaintiff has suffered damages, including compensatory and economic damages, lost pay, medical expenses, attorneys' fees and costs, and is entitled to relief.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Kathy Loy, respectfully requests that this Court enter judgment in her favor and against the Defendants and direct the following relief:

1.    For a judgment declaring Defendant Mahanoy Area School District violated Title VII of the Civil Rights Act, and its state counterparts;

2.    Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sex-based harassing conduct and other employment practices which discriminate on the basis of sex.

3.    Order Defendants to institute and carry out training, policies, practices, and programs which provide equal employment opportunities based on sex,

and which ensure that its operations are free from the existence of a sexually hostile work environment.

4.     Order Defendants to make Loy whole, by providing appropriate backpay with prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

5.     Order Defendants to make Loy whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein, such as debt-related expenses, job search expenses, medical expenses and other expenses incurred by Loy, which were reasonably incurred as a result of Defendants' conduct.

6.     Order Defendant to make Loy whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of herein, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation.

7.     Order Defendants to pay Loy punitive damages for their malicious and reckless conduct to the extent available.

8.     Retain jurisdiction over this action until the Defendants have fully complied with the Orders of this Court and that the Court require Defendants to file such reports as may be necessary to supervise such compliance;

9.    Grant such further relief as is necessary and proper in the public interest.

10.   Award costs of the suit, including reasonable attorneys' fees and costs to the Plaintiff.

11.   For such other and further relief as may be just and proper, including all relief afforded to victims of discrimination under Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act.

**JURY TRIAL DEMANDED.**

            Respectfully submitted,

            KATHY LOY

            BY AND THROUGH HER ATTORNEYS

            /s/ Lisa Matukaitis, Esq.
            _____
            Lisa Matukaitis, Esq.
            Matukaitis Law LLC
            104 State Street
            Harrisburg, PA  17101
            Ph. 717.412.7759
            Fax 717.412.7764
            lm@matlawllc.com
            PA Bar ID: #202467
            www.matlawllc.com

Dated:  August 11, 2017