Attorney For Plaintiff:
Lisa Matukaitis, Esq.
Matukaitis Law LLC
104 State Street
Harrisburg, PA  17101
lm@matlawllc.com
717-412-7759 (office)
717-412-7764 (fax)

Attorneys For Defendants:
Michael I. Levin, Esq.
James J. Musial, Esq.
Levin Legal Group, PC
1301 Masons Mill Business Park
1800 Byberry Road
Huntingdon Valley, PA 19006
mlevin@levinlegalgroup.com
jmusial@levinlegalgroup.com
215-938-6378 (office)
215-938-6375

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ───────────────── | : | |
| KATHY LOY | : | CIVIL ACTION NO. 3:17-cv-01428 |
| | : | |
| Plaintiff | : | (Malachy E. Mannion) |
| v. | : | |
| | : | |
| MAHANOY AREA | : | |
| SCHOOL DISTRICT | : | *ELECTRONICALLY FILED*: |
| and | : | |
| DR. JOIE GREEN, | : | JURY TRIAL DEMANDED |
| Individually, | : | |
| | : | |
| Defendants. | : | |
| ───────────────── | : | |

## JOINT CASE MANAGEMENT PLAN

## 1.      Principal Issues

1.1      Separately for each party, please give a statement summarizing this case:

**By Plaintiff:**

Plaintiff, Kathy Loy, holds a Master's Degree in Education and has been employed as a High School Teacher with the Defendant Mahanoy Area School District since 2004 and has been a basketball coach for 25 years. Ms. Loy has had satisfactory or better performance evaluations throughout the last 14 years of employment.  The only Ms. Loy received during her 14 year employment was given to her last week, after filing her federal lawsuit and taking FMLA leave.

After the Defendant Joie Green was hired as a Superintendent, Ms. Loy has been subjected to sexually harassing comments and actions because of her sex. For instance, in a district wide staff meeting, on or about February 6, 2017, Superintendent Green referred to the sexual orientation of Ms. Loy in a derogatory and offensive manner, in the workplace, to at least three District employees. Superintendent Green complained about Ms. Loy, saying "I don't know how Tom [the High School Principal] works with her over there" and referred to Ms. Loy as a "frickin' lesbo." Superintendent Green stated that Ms. Loy "should just go and lick another one.

Two days later, on February 8, 2017, a student complained to the District about a YouTube video made and posted on February 7, 2017 by at least three Mahanoy Area School District students.  Despite the sexually hostile statements made by Superintendent Green against Ms. Loy, Superintendent Green began her investigation.  On February 8, 2017 loaded the YouTube video on school property with two other employees present. The video was made by male students, who were in Ms. Loy's accounting class and given grades that were below average. Those who watched the video from the Mahanoy Area School District were aware that the students were being sexually hostile towards Ms. Loy.  Such sexually hostile and discriminatory statements include:

a.      There's a bull dyke at our school…that gives us all bad grades;

b.       I thought these bull dykes were extinct;

c.       Shut the fuck up you bitch;

d.      Bitch dumbass dyke licking clit;

e.      That's the dirty pussy smell you little cunt.

The students' speech is not protected; it is lewd, violent, intimidating, and was directed toward a particular teacher, Ms. Loy, because of her sex. The District does not block YouTube from access at School. Thus, it was reasonably foreseeable that the video would reach school property and did in fact reach school property and came to the attention of school administrators, including Defendant Green. The video did cause substantial disruption to the school.

Ms. Loy did not learn of the video until February 12, 2017. She was offended and frightened by these students. Ms. Loy was instructed by her union to file a complaint with the U.S. EEOC, which she did on February 16, 2017. The Mahanoy Area School District failed to timely respond and otherwise failed to take any effective action to stop the harassment or correct it. The District failed to take action against the students or to discipline them. The video is still posted.

In the meantime, the District only directed Superintendent Green to undergo training in connection with the sexually offensive language she directed at Ms. Loy. Ms. Loy, on the other hand, suffered health problems as a result of the Defendants' actions and being so badly frightened by the students' statements made about her. Ms. Loy had to take a medical leave and submitted a FMLA request that was completed by her treating medical provider to the District, including for fatigue and anxiety. The District and Defendant Green were aware of Ms. Loy's assertion of rights under the FMLA, her need for medical leave, and the details of her serious health condition. Upon her return to work from her FMLA leave, Ms. Loy was given discipline after the principal consulted with Defendant Green. This was the first discipline ever given to Ms. Loy during her nearly 14-year tenure with the District. Thus, the Defendants' actions are on-going, are severe, or are pervasive.

Ms. Loy is seeking relief and damages against the Defendants, including for equitable relief, resulting from the discrimination and retaliation she has been made to endure under the Section 1983 of the Civil Rights Act, the Family and Medical Leave Act, Title VII of the Civil Rights Act, and the Pennsylvania Human Relations Act.

**By Defendants:**

Plaintiff, Kathy Loy ("Loy"), alleges that Mahanoy Area School District Superintendent, Dr. Joie Green ("Dr. Green") made a disparaging comment about her sexual orientation to a group of School District employees.  Dr. Green made no such comment about Ms. Loy, and Loy does not claim that she heard the alleged comment.

Loy also claims that Dr. Green and the School District bear responsibility for the actions of a group of male students who posted a YouTube video filled with vulgar and sexually derogatory language about "a bull dyke at our school…that gives us all bad grades," etc.  Loy is never mentioned in the video, and there is no way that Dr. Green or the School District could have prevented the video from being made and posted on YouTube.  It was not made on school grounds, and they had no knowledge of it until after the fact.  Upon learning of the video, Dr. Green contacted the School Resource Officer to help her investigate if the video was criminal, and he followed up with the District Attorney's office.  While lewd and disgusting, the video content includes no threats against anyone, including Loy.  And as made clear in Defendants' Motion to Dismiss, the awful video constitutes protected speech under Third Circuit and United States Supreme Court precedent.  Neither Dr. Green nor the School District can be held responsible under the law for the students' video.

In response to Defendants' Motion to Dismiss Complaint and to Strike Certain Averments, Loy filed an Amended Complaint in an attempt to bolster her claims and has now included a claim of FMLA retaliation against Dr. Green and the School District.  Loy claims that at some time after her return from FMLA leave, she received some type of discipline.  She does not specify what form of discipline, or why it was issued.  Loy asserts that her high school building principal issued the discipline after consulting with Dr. Green.  The discipline was the result of complaints from a student and her parents about an unprofessional and demeaning comment directed at the student by Loy.  The high school principal met with Loy to discuss the complaint.   Dr. Green did not participate in the investigation of the complaint against Loy, nor provide input in the discipline – which consisted entirely of a verbal warning letter prepared by the high school principal.

1.2    The facts the parties <u>dispute</u> are as follows:

a.     Defendants will be filing a Motion to Dismiss and to Strike Certain Averments in response to Plaintiff's Amended Complaint; therefore all of the facts in dispute are not yet clear. That Dr. Joie Green made the comments that she is accused of in Plaintiff's Amended Complaint;

b.     That any sexually harassing comments and actions were directed at Ms. Loy during her employment.

agree upon are as follows:

a.     Defendants will be filing a Motion to Dismiss and to Strike Certain Averments in response to Plaintiff's Amended Complaint; therefore all of the facts in  agreement are not yet clear.   Plaintiff   is employed as a High School Teacher with the Mahanoy Area School District.

b.     Plaintiff and Defendant Green are members of protected classes.

c.     Plaintiff is a certificated teacher.

d.     Defendant Green is a certificated administrator and Commissioned officer of the Commonwealth of Pennsylvania

e.     Defendant Mahanoy Area School District is a school district and entity political subdivision of the Commonwealth of Pennsylvania.

f.     Defendant Dr. Joie Green is Superintendent of the Defendant School District.

.

1.3     The legal issues the parties dispute are as follows:

a.      Whether the District discriminated against Ms. Loy on the basis of sex in violation of Title VII of the Civil Rights Act or the Pennsylvania Human Relations Act

b.      Whether the District retaliated against Ms. Loy in violation of the Family and Medical Leave Act.

c.      Whether the District and Defendant Dr. Joie Green violated Ms. Loy's First Amendment rights enforceable through Section 1983 of the Civil Rights Act.

d.      Whether the District and Defendant Dr. Joie Green discriminated against Ms. Loy on the basis of sex in violation of Pennsylvania Human Relations Act.

e.      Whether any complained of conduct was pursuant to any policy, practice of custom of the School District


        agree upon are as follows:


1.4    Identify any unresolved issues as to service of process, personal

        jurisdiction, subject matter jurisdiction, or venue:

        None.

1.5    Identify any  parties that have not yet been served:

        None.


1.6    Identify any additional parties that:

        Plaintiff intends to join:

None at this time.


Defendants intend to join:

None at this time.


    1.7    Identify any additional claims that:

Plaintiff intends to add:

None at this time.


Defendants intend to add:

If required to file an Answer, Defendant will assert its Affirmative Defenses.


**2.0    Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

    2.1    Separately for each party, list by name and title/position each person whose identity has been disclosed.

Disclosed by Plaintiff:

| Name | Title/Position |
| --- | --- |
| Mahanoy Area School District | Defendant |
| Dr. Joie Green | Superintendent/Defendant |

Tom Smith                          Former High School Principal

Stanley Sabol                      Current High School Principal

Mark Wiekrykas                     School Resource Officer

Students in YouTube video

Students that complained to the District

Jennifer Marshall                  District Employee

Christine Evancho                  District Employee

Maggi Fessler                      District Employee

Cynthia Richmond                   District Employee

Nancy Mroczka                      District Employee

Bonnie Pecika                      District Employee

Susan Scheeler                     Former Elementary Principal

District Solicitor                 Conducted investigation into
                                   Complaint against Dr. Green;
                                   Prepared report for Board

Mahanoy Area Education Association designee(s)

Treating medical providers

Any other witnesses disclosed by Defendants.

Disclosed by Defendants:

<u>Name</u>                        <u>Title/Position</u>

8

| | |
|---|---|
| Timothy J. Tobin | High School teacher |
| Bonnie Piecika | High School Secretary |
| Nancy Mroczka | Executive Secretary to Superintendent |
| Cindy Richmond | Former Executive Secretary to Superintendent |
| Jennifer Marshall | High School Guidance Counselor |
| Megan Scheeler | High School ELA Teacher |
| Thomas Scheeler | High School Mathematics Teacher |
| Valerie Kane | High School Computer/ Technology Teacher |
| Molly Hanlon-Mirabito | Uniserve Representative |
| Thomas Smith | High School Social Studies Teacher |
| Susan Scheeler | Former Elementary School Teacher |
| Michael Heater | Elementary School Teacher |

## 3.0   Early Motions

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|

Defendants' Motion to Dismiss Amended Complaint and Strike Certain Averments, to be filed on or before November 27, 2017.

**4.0    Discovery**

4.1    Briefly describe any discovery that has been completed or is in progress:

By Plaintiff:

Plaintiff will issue initial disclosures and discovery requests shortly.

By Defendants:

Plaintiff has or will issue Initial Disclosures and discovery requests shortly.

4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted,   indicating for each discovery undertaking its purpose of what kinds of information will    be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to    the kinds of contracts in this case"):

Plaintiff and Defendants will issue discovery requests, requests for admission, subpoena third parties for records, and take depositions with respect to the allegations of Plaintiff's claims and Defendants' defenses, if Defendant is required to file an Answer to Plaintiff's Amended Complaint.

4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose   or   what   kinds   of   information   would   be   developed through it:

None at this time.

4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation.

The imposition of such limitations is not yet known at this time, depending on resolution of Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Strike Certain Averments.

4.5     For each of the following discovery tools, <u>recommend the per-party per-side limitation</u> (specify a number) that should be fixed, subject to later modification by     stipulation or court order on an appropriate showing (where the parties cannot agree, set   forth separately the limits recommended by Plaintiff and by Defendants):

4.5.1   depositions (excluding experts) to be taken by:

Plaintiff:     <u>15</u>          Defendants:  15<u>____</u>

4.5.2   interrogatories to be served by:

Plaintiff:     <u>25 each Defendant</u>

Defendants:<u> 25 each Defendant </u>

4.5.3   document production requests to be served by:

Plaintiff:     <u>50 each defendant</u>

Defendants:<u> 50 each Defendant </u>

4.5.4   requests for admission to be served by:

Plaintiff:     <u>25 each defendant</u>

Defendants:<u> 125 by Defendants </u>        (Plaintiff disagrees with this number of requests for admission by the Defendants).

4.6     Discovery of Electronically Stored Information

Counsel  certify  that  they  have  conferred  about  the  matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery  <u> X </u>

## 5.0     Protective Order

5.1     If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include in the statement justifying the propriety of such a protective order using existing Third Circuit precedent.

No protective order is sought by either party at this time. However, the Defendant proposes a confidentiality agreement to be approved by the Court.

5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below.

Not applicable at this time.

**6.0   Scheduling**

6.1   Final date for joining additional parties:

January 2, 2018  Plaintiff

January 2, 2018_____ Defendant

6.2   Final date for amending pleadings:

January 2, 2018  Plaintiff

January 2, 2018 Defendant

6.3   All fact discovery commenced in time to be completed by:

May 1, 2018

6.4   All potentially dispositive motions should be filed by:

July 1, 2018

6.5   Reports from retained experts due:

from plaintiff by   May 1, 2018

from defendant by May 30, 2018

6.6   Supplementations due   June 15, 2018 from plaintiff

July 1, 2018 from Defendant

6.7     All expert discovery commenced in time to be completed by

August 1, 2018

6.8     This case may be appropriate for trial in approximately:

**__**     240 Days from the filing of the action in this court.

**_X_**     365 Days from the filing of the action in this court

__     500 Days from the filing of the action in this court

6.9     Suggested Date for the final Pretrial Conference:

August 2018 (month/year)

6.10    Trial

6.10.1 Suggested Date for Trial

September 2018 (month/year)

**7.0     Certification of Settlement Authority**

I hereby certify that the following individual(s) have settlement authority.

For Plaintiff:

Kathy Loy

Name

Plaintiff

Title

c/o Lisa Matukaitis, Esq.

104 State Street

Harrisburg, PA 17101

Address

(717) 412-7759_____
Daytime Telephone

For Defendants:

School District and insurance carrier representatives to be determined

Name

Defendants_____
Title

c/o Michael I. Levin, Esq._____

1301 Masons Mill Business Park, 1800 Byberry Road_____

Huntingdon Valley, PA 19006_____
Address

(215) 938-6378_____
Daytime Telephone

**8.0   Alternative Dispute Resolution ("ADR")**

8.1   Identify any ADR procedure to which this case already has been assigned   or which the parties have agreed to use.

ADR procedure: This case has been selected for mandatory mediation.

Date ADR to be commenced    To be determined by Court or appointed mediator

Date ADR to be completed     To be determined by Court or appointed mediator

8.2   If the parties have been unable to agree on an ADR procedure, but one or   more parties believes that the case is appropriate for such a procedure, identify the party   or parties that recommend ADR and the specific ADR process recommended:

8.3   If all parties share the view that no ADR procedure should be used in this  case, set forth the basis for that view:

This case has been selected for mandatory mediation.

## 9.0   Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit.

All parties agree to jurisdiction by a magistrate judge of this court:
___Y   _X_N

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings

_____   Scranton/Wilkes-Barre

_____   Harrisburg

## 10.0   Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

None at this time.

## 11.0   Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed  with  the  Clerk's  Office  prior  to  the  case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.  Also please indicate ECF User status below.

Dated:  November 23, 2017     /s/ Lisa Matukaitis, Esq.
                                     Attorney for Plaintiff
                                     X___   ECF User
                                     ___   Waiver requested
                                     ___   Fed.R.Civ.P.7.1

                                     Matukaitis Law LLC
                                     104 State Street
                                     Harrisburg, PA  17101
                                     lm@matlawllc.com
                                     717-412-7759 (office)
                                     717-412-7764 (fax)

Dated:  November 23, 2017     /s/ Michael I. Levin, Esq.
                                     Attorney for Defendants
                                        X__   ECF User
                                             Waiver requested
                                      __   Fed.R.Civ.P.7.1

                                     Levin Legal Group, PC
                                     1301 Masons Mill Business Park
                                     1800 Byberry Road
                                     Huntingdon Valley, PA 19006
                                     mlevin@levinlegalgroup.com
                                     (215) 938-6378 (office)
                                     (215) 938-6375 (fax)