IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kathy Loy<br>　　　Plaintiff<br><br>v.<br><br>Mahanoy Area School District<br>and Dr. Joie Green<br>　　　Defendants | Civil Action No. 3:17-cv-01428<br><br>(Malachy E. Mannion) |

**CONFIDENTIALITY STIPULATION AND ORDER**

　　　Subject to the approval of the Court, Plaintiff, Kathy Loy, and Defendants, Mahanoy Area School District and Dr. Joie Green, stipulate as follows:

　　　**WHEREAS,** in connection with certain information and data that Defendants and Plaintiff (referred to at times below collectively as "the parties") are disclosing/producing in the above-captioned case, the parties agree to handle such information and data as provided in this Stipulation;

　　　**NOW, THEREFORE**, the parties, intending to be legally bound, stipulate as follows:

1. **Confidential Information.**

"Confidential Information" means any information disclosed in the above-captioned case by the parties, either directly or indirectly, in writing, orally, electronically or by inspection of tangible objects or data (including, without limitation, documents, prototypes and samples) and all notes, analyses, compilations, studies or other documents prepared by the parties that contain or reflect such information.

Confidential Information includes, without limitation, the parties' financial records and tax records, financial and tax records of non-parties, job applications, records of non-public meetings, notes, non-public written and other communications of any kind, know-how, intellectual property, proprietary information, human

resources records, records regarding business operations, records of non-public internal discussions or deliberations of any kind, financial data, and all personnel and medical information maintained by MASD about current and former employees, information regarding present and former employees including, without limitation, forms of any kind, names, birth dates, social security numbers, insurance, family members, medical and/or psychiatric treatment/diagnoses, diagnostic data, performance evaluations, and/or any other information about or that identifies or concerns in any respect present and former employees. Confidential Information also includes without limitation information concerning minors who are or were students of MASD, including names, birth dates, social security numbers, addresses, medical records, and educational records. Confidential Information does not include privileged information or information that cannot be legally disclosed. The parties need not expressly designate Confidential Information by labeling it as such at the time of disclosure.

The parties will designate Confidential Information with the word "Confidential." A party does not waive the ability to designate Confidential Information if the party does not do so when the documents are produced. Any dispute as to confidentiality will be submitted to and resolved by the Court.

Confidential Information shall not, however, include any information that: (a) was or is publicly known or made generally available to the public; or (b) becomes publicly known or made generally available to the public through no action or inaction of either party to this Agreement.

2. **Non-use and Non-disclosure.**

The parties shall not use any Confidential Information produced in this case for any purpose except to litigate this case. The parties herein shall not disclose any Confidential Information to third parties or to the parties' employees except those employees and representatives of the parties who are required to have the information for the purpose of their jobs or carrying out this litigation. Where needed the parties shall inform their employees and representatives of the confidential nature of the information produced in this case and the existence of this Confidentiality Stipulation and Order.

The parties shall comply with this Confidentiality Stipulation and Order in their use and handling of Confidential Information.

3. **Exception to Non-Disclosure.**

This Stipulated Order shall constitute the parties' written authorization to provide possession, knowledge or use of any Confidential Information to the parties' lawyers, accountants, insurers, regulators, auditors, brokers, consultants and/or reinsurers but only to the extent that such possession, knowledge or use of the Confidential Information is required for the purpose of the above-captioned case. To the extent that the parties' lawyers, accountants, insurers, regulators, auditors, brokers, consultants or reinsurers are provided possession, knowledge or use of any Confidential Information, they shall also be made aware of the restrictions on the Confidential Information, as hereby agreed to by the parties.

4. **Maintenance of Confidentiality.**

The parties shall take reasonable measures to protect the confidentiality and avoid disclosure and unauthorized use of the Confidential Information that is produced in the above-captioned case. Without limiting the foregoing, the parties shall take at least those measures that it takes to protect their own most sensitive and confidential information.

5. **Compelled Disclosure.**

If either party is requested or required by legal or administrative process to disclose any Confidential Information, that party shall promptly notify the other party of such request or requirement (unless legally prohibited) so that the other party may promptly seek an appropriate protective order or other relief. Absent action within seven (7) days of receipt of such notice by the other to obtain a protective order or other relief, the party being required to disclose Confidential Information shall disclose only that portion of the Confidential Information that the disclosing party's counsel determines is required to be disclosed and notify the other party (unless legally prohibited) as soon as reasonably practicable of the items of Confidential Information so disclosed.

6. **Return of Materials.**

All files, documents, electronic copies and other tangible objects containing or representing Confidential Information that have been produced by either of the parties hereto, and all copies thereof which are in the possession of either party, its representatives and employees, shall be and remain the property of the party who produced the Confidential Information and shall either be promptly returned to the

party who produced the Confidential Information or destroyed upon the producing party's written request at a time when such information is no longer needed for this litigation.

In the event that a party keeps a copy as a business record, it shall be kept confidentially and protected to the same or greater extent that the party keeps and maintains its Confidential Information; provided, however, that the record(s) shall, at a minimum, be kept in a secure and locked location with appropriate stamps or notices of confidentiality that the material is subject to this Agreement.

7. **Inadvertent Production of Privileged Documents and Information.**

In light of the significant volume of documents and information being produced in the above-captioned case, the inadvertent production of any privileged communication, document and/or information, whether in paper, electronic and/or other form, shall not result in the waiver of any privilege, including but not limited to the attorney-client and work product privileges.  When a party discovers privileged communications, information or documents that have been produced in the above-captioned case, the party discovering such privileged items shall, upon such discovery, notify the party who produced the items and return such items immediately.

8. **Entire Agreement.**

This Stipulated Order constitutes the entire agreement and stipulation of the parties with respect to the Confidential Information produced in the above-captioned case and supersedes any and all prior oral or written discussions, negotiations, understandings, agreements, or contracts regarding the Confidential Information.

9. **Court's Authority.**

The Court retains the right and authority to allow disclosure of any subject or modify this Stipulated Order at any time in the interest of justice for cause shown.

**[FURTHER TEXT AND SIGNATURE LINES ON NEXT PAGE]**

IN WITNESS WHEREOF the parties have caused this Stipulation to be executed as set forth herein.

| LEVIN LEGAL GROUP, P.C. | MATUKAITIS LAW, LLC |
|---|---|
| /s/ James J. Musial | /s/Lisa Matukaitis |
| Michael I. Levin | Lisa Matukaitis |
| PA Attorney ID. No. 21232 | Attorney I.D. No. 202467 |
| James J. Musial | 2201 N. Front Street |
| PA Attorney I.D. No. 71100 | Suite 203 |
| 1301 Masons Mill Business Park | Harrisburg, PA 17110 |
| 1800 Byberry Road | (717) 412-7759 |
| Huntingdon Valley, PA 19006 | lm@matlawllc.com |
| (215) 938-6378 | *Counsel for Plaintiff* |
| mlevin@levinlegalgroup.com | |
| jmusial@levinlegalgroup.com | |
| *Counsel for Defendants* | |
| Date: May 9, 2018 | May 9, 2018 |

AND NOW, this        day                    2018 it is ORDERED that the foregoing Stipulation is APPROVED and ORDERED by the Court:

_____

                                        J.